OPINION of the Court, by
Ch. J. Boyle.
This was an action of debt upon bond, in which Mead was plaintiff and Daviess and Morrison were defendants. In the writ and declaration the defendants are stated executors of George Nicholas, deceased, but the action is in the debet and detinet, and the plaintiff avers in the declaration that the bond was signed and sealed by them. A judgment having been taken against the defendants at the rules in the office, they moved the court to set it aside, upon offering a plea of plene administravit, but the court being of opinion that the plea was inadmissible, inasmuch as the defendants were bound to the payment of the debt in their own right, overruled the motion and gave final judgment for the plaintiff ; to which judgment the defendants have prosecuted this writ of error.
The first error assigned questions the correctness of the judgment, because it does not appear that Morrison, or any one for him legally authorised, executed the bond. It appears from the bond of which over was craved, that it was executed by Daviess, or Daviess and Morrison, executors of George Nicholas, deceased. Whether Daviess acted with or without an authority in executing the bond in the name of Morrison, is a mere matter of fact, triable by a jury upon the plea of «¡5» est Jactum. The plaintiff alleged that tlse bond was the deé'd oí both Morrison and Daviess, and if either or both oí them meant to controvert the truth of the allegation, they ought to have denied it by an appropriate plea in the court below, and not having done so they are precluded from doing it in this court, where mat-1,te rs of law only are assignable for error.
The second error assigned involves the question, whether the defendants are hound hi their own rights, or only in their fiduciary capacity as executors.
■That they are bound only as executors, is contended to be inferrable as well from the circumstance that they are styled executors in the writ and declaration, as from iheir having so styled themselves in the execution of the bond. The styling the defendants executors in the writ and declaration, can be regarded only as descriplio per- *398 sonarum, and it was probably intended as a mere precaution to prevent any objection on account of a variance between the writ or declaration and the bond. But be this as it may, this circumstance cannot justify the inference attempted to be deduced from it. The action is in the debet anddetinet, and the plaintiff has declared against the defendants in their own right, upon a bond not executed by their testator, but by themselves. If therefore he can recover in this action it must be against the defendants in their individual rights, and not as executors.
As to their having styled themselves executors in their signature to the bond, it most obviously cannot change the nature or extent of their obligation to the plaintiff. In Bane’s case, 9 Co. 94, it was held that a promise by an executor in consideration of forbearance to sue for the debt of the testator, was a valid promise and bound the executor in his own right. In that case it was objected on a writ of error brought in the exchequer chamber, that there was no averment of assets in the hands of the executor, and that without assets the promise was a nudum, pactum and did not bind, but the objection was overruled, and it is there laid down “ that when an executor makes such a promise, the debt though due by him in right of lus executorship, the promise is made in his own right, and therefore without question he shall be charged in an action brought upon his promise generally.” The same doctrine is to be found in William’s note to the case of Forth vs. Stanton, Saunder’s Rep. p. 210. In the present case there is no pretence to allege the want of consideration, the bond itself implies a consideration, and supersedes the necessity of an averment that there was a consideration , and most assuredly if a promise made on consideration by an executor to pay the testator’s debt will bind him in his own right, a bond will be equally obligatory.
In the third and fourth errors assigned it is alleged that the court erred in rejecting the plea of plane admi-jristravit, and in giving judgment against the defendants de bonis propriis.
These objections are founded upon the supposed validity of the preceding one, and as that has been du'-i-mined untenable, they must follow the same fat-.
Judgment affirmed, with costs.